## STEWART et al. v. TOWNSEND.

*(Circuit Court, D. South Carolina. January 25, 1890.)*

SET-OFF AND COUNTER-CLAIM—SALE—BREACH OF WARRANTY—LOSS OF TRADE.

Where one receives goods under contract, and elects to dispose of them and pay for them, not the contract price, but their real value, he cannot, in an action for the price, counter-claim for loss of trade occasioned by his selling the inferior quality of goods received from plaintiffs.

At Law. Action for goods sold and delivered.

*Buist & Buist,* for plaintiffs.

*Lord & Hyde* and *G. W. McCormack,* for defendant.

SIMONTON, J., *(charging jury.)* The action is for the sale and delivery of ice. The complaint sets out certain acceptances and an open account, in all $5,125. The answer admits the acceptances and the open account, and has assumed the burden of proving failure of consideration, that is to say, that the ice furnished was deficient in quantity or quality, or both. He also sets up a counter-claim against the plaintiffs for damages resulting from the non-performance of the contract. When the ice in question was received by defendant, its quantity and quality were easily ascertainable by the senses. The defendant, if it did not come up to contract, could then have adopted one of two courses: He could have refused to accept the delivery of the ice; or he could have received it, if he chose,—could have disposed of it. He then would have been bound to pay for it, not the contract price, but its real value. He adopted the latter course. Having done so, he cannot sustain his counter-claim. This is grounded upon loss of trade occasioned by his selling ice of inferior quality received from plaintiffs. Now, as he had the choice either to take it or let it alone, and he concluded to take it, and sell it for what it was worth, he cannot visit on plaintiffs the consequences

of his own act.   You will find for the plaintiffs on the counter-claim.

Upon the main case, you will first determine, from the evidence before you, what was the contract on the part of the plaintiffs.   Then, was it performed by them?   Did they deliver ice of the quality and quantity they had agreed to deliver?   If they did, give them a full verdict.   If they did not, ascertain from the testimony what was the deficiency in quantity or quality, or both.   Fix the value of such deficiency in money, and deduct this sum from the principal of the claim, unless you find a total deficiency.   In such case, your verdict must be for the defendant. The burden of proof, under the pleadings, is on the defendant.